1  Bryan King Sheldon (Bar No. 116219)
2  George Busu (Bar No. 235993)
   **LIM RUGER & KIM, LLP**
3  1055 West Seventh Street, Suite 2800
   Los Angeles, California 90017
4  Telephone: (213) 955-9500
5  email: bryan.sheldon@lrklawyers.com
         george.busu@lrklawyers.com
6
7  Attorneys for Plaintiff, Nicole, Inc.

8

9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

                **LACV14-7157**CAS(PJWx)

12  NICOLE, INC., a California          )   Case No.
13  corporation,                        )
                                        )   **COMPLAINT FOR TRADE DRESS**
14              Plaintiff,              )   **INFRINGEMENT; TRADEMARK**
15                                      )   **INFRINGEMENT; UNFAIR**
        v.                              )   **BUSINESS PRACTICES; UNJUST**
16                                      )   **ENRICHMENT; LIBEL; AND**
17  SAM DAE ENTERPRISES, INC.,          )   **TRADE LIBEL**
    a California corporation; and DOES  )
18  1 to 10,                            )
19                                      )   **(JURY TRIAL DEMANDED)**
              Defendants.               )
20                                      )
21                                      )
22  _____  )

23
       Plaintiff Nicole, Inc. complains and alleges as follows against defendant
24
    Sam Dae Enterprises, Inc.
25  ///
26  ///
27  ///
28

00044871.doc

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1338 (action related to trademark and/or unfair competition claim substantially related to trademark laws); and 28 U.S.C. § 1367 (supplemental jurisdiction).

2.      Venue is proper in this court because the parties' principal place of business is in Los Angeles, California, within the Central District of California; and the acts complaint of occurred entirely or primarily within this district.

## THE PARTIES

3.      Plaintiff Nicole, Inc. ("Nicole") is a California corporation that maintains its principal place of business in Los Angeles, California.

4.      Defendant Sam Dae Enterprises, Inc. ("Sam Dae") is a California corporation that maintains its principal place of business in Los Angeles, California.

5.      The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued as Does 1 through 10 are unknown to Nicole. Nicole therefore sues said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, Nicole will amend this pleading accordingly.

6.      Nicole further alleges that the defendants sued as Does 1 through 10, inclusive, are jointly, severally and concurrently liable and responsible with the named defendant upon the claims hereinafter set forth.

7.      Nicole is informed and believes and thereon alleges that at all times mentioned herein, Sam Dae and the defendants sued as Does 1 through 10, inclusive, and each of them, were the agents, servants and employees of every

LIM, RUGER & KIM, LLP

00044871.doc

COMPLAINT FOR TRADE DRESS INFRINGEMENT, ETC.

1   other defendant and the acts of each defendant, as alleged herein, were performed

2   within the course and scope of that agency, service or employment.

3

4   ### NICOLE'S BUSINESS AND ITS MARKS

5        8.    Nicole designs, develops, manufactures, markets, distributes and sells

6   fashion apparel and accessories, including high quality bags and handbags, for men

7   and women. Nicole's design staff creates unique and highly innovative products,

8   particularly handbags, by combining clever product design with inventive use of

9   graphics and embellishments, many of which are protected by registered United

10   States copyrights. Nicole's innovative products are widely respected and

11   frequently imitated. Nicole regularly polices the market and takes action to stop

12   infringers.

13        9.    Nicole owns several trademarks registered with the United States

14   Patent and Trademark Office related to its business of designing, manufacturing

15   and distributing fashion apparel and accessories.

16        10.    Nicole owns a registered United States trademark for the NICOLE

17   LEE label, in standard characters, for handbags and other types of bags, under

18   United States trademark registration number 3,530,177, registered on November

19   11, 2008. Nicole has been using the NICOLE LEE mark on its handbags, and in

20   commerce, since at least as early as November 2, 2003 (the "Word Mark").

21        11.    Nicole also owns a registered United States trademark for handbags

22   and other types of bags, under United States trademark registration number

23   4,021,725, registered on September 6, 2011 (the "Design Mark"). Nicole has been

24   using the Design Mark on its handbags, and in commerce, since at least as early at

25   May 5, 2010. An image of the Design Mark appears directly below.

26   ///

27   ///

28

LIM, RUGER & KIM, LLP

00044871.doc

1
2
3
4
5
6
7
8



LIM, RUGER & KIM, LLP

9   12.   Nicole markets, distributes and sells fashion apparel and accessories,

10  including bags and handbags, for men and women, under the Word Mark and the

11  Design Mark in North America, most of Central America, most of South America,

12  most of Europe, and in Asian countries such as China, Japan and South Korea.

13  13.   Nicole's bags bearing the Word Mark and the Design Mark are sold in

14  over 50 countries around the world. Currently, over 1000 retailers worldwide sell

15  Nicole's bags bearing the Word Mark and the Design Mark.

16  14.   Nicole has registered the Word Mark and / or Design Mark in the

17  following countries: Austria, Australia, Bahrain, Belgium, Brazil, Bulgaria,

18  Canada, China, Colombia, Croatia, Cyprus, Czech Republic, Denmark, Dominican

19  Republic, Ecuador, Egypt, Estonia, Finland, France, Germany, Great Britain,

20  Greece, Hong Kong, Hungary, India, Indonesia, Ireland, Italy, Japan, Korea

21  (South), Kuwait, Latvia, Lebanon, Lithuania, Luxembourg, Malta, Mexico,

22  Netherlands, Panama, Qatar, Philippines, Poland, Portugal, Romania, Russia,

23  Saudi Arabia, Slovakia, Slovenia, South Africa, Spain, Sweden, Syria, Taiwan,

24  Turkey, United Kingdom, United States of America, and Venezuela.

25  15.   Since 2009, Nicole has operated a website at www.nicoleleeusa.com

26  that advertises and promotes the Word Mark and Design Mark worldwide. Since

27
28

00044871.doc

COMPLAINT FOR TRADE DRESS INFRINGEMENT, ETC.

2010, Nicole has been selling branded handbags bearing the Word Mark and Design Mark on its website at www.nicoleleeonline.com.

16.     To further promote its bags bearing the Word Mark and the Design Mark, Nicole regularly displays its products from elaborate booths at major trade shows for the apparel and accessories industries in North America, Europe, China, Hong Kong, Mexico and Colombia, all of which are attended by international buyers.

17.     Due to Nicole's extensive use and promotion of the Word Mark and Design Mark, Nicole's products have been featured in such widely-distributed and widely-known fashion conscious magazines as *Marie Claire*, *Redbook*, *Allure*, *Star*, *Life & Style*, *OK*, and *Latina*, among others.

## NICOLE'S TRADE DRESS

18.     In 2012, Nicole began selling a collection of bags (the "Print Collection Bags"), which bags bear highly stylized art prints that are exclusive to Nicole, depicting, amongst other things, world fashion capitals. To Nicole's knowledge, the Print Collection Bags were unique and radically different than bags produced by other manufacturers to that date. The Print Collection Bags became wildly popular and are sold by Nicole throughout the world. Nicole has registered U.S. copyrights in most of the artworks employed on the Print Collection Bags.

19.     Each of the Print Collection Bags sold throughout the world was/is sold with an affixed hangtag bearing the Design Mark ("Nicole's Hangtag"). In every instance, Nicole's Hangtag was made of a rectangular piece of low-sheen and see-through plastic. The Design Mark and other text are printed on Nicole's Hangtag in black ink. An image of Nicole's Hangtag appears directly below.

///

///

LIM, RUGER & KIM, LLP

00044871.doc

20.     The Print Collection Bags have a distinctive and quirky style and appearance, which when combined with the exclusive prints and Nicole's Hangtag, became closely associated with Nicole. These elements of the Print Collection Bags are distinctive and serve to identify Nicole as the source of the Print Collection Bags. Moreover, none of these elements is functional.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

LIM, RUGER & KIM, LLP

00044871.doc

COMPLAINT FOR TRADE DRESS INFRINGEMENT, ETC.

21.   A sampling of Nicole's Print Collection Bags appears below.









**SAM DAE'S INFRINGING BAGS**

22.   Long after Nicole began widely marketing and selling its Print Collection Bags, Sam Dae came to market with a collection of bags (the "Infringing Bags") that slavishly copy the look and feel of Nicole's Print Collection Bags. A sampling of the Infringing Bags appears below.





LIM, RUGER & KIM, LLP

00044871.doc

23.     The copying is so pervasive that the Infringing Bags are sold with a hangtag affixed thereto, which hangtag itself slavishly copies Nicole's Hangtag. Sam Dae's hangtag ("Sam Dae's Hangtag") is also made of a rectangular piece of low-sheen and see-through plastic. Sam Dae's Hangtag contains a circular design element (the "Infringing Design Mark") that is strikingly and confusingly similar to Nicole's Design Mark. Sam Dae's imitation of Nicole's Design Mark is printed on Sam Dae's Hangtag in black ink. An image of Sam Dae's Hangtag appears below and to the left, while Nicole's Hangtag appears below and to the right.

**Sam Dae's Hangtag**                    **Nicole's Hangtag**

          

24.     Sam Dae chose to infringe Nicole's trade dress and trademark rights in the Design Mark, and it did so willfully to trade upon the goodwill that Nicole developed in connection the Print Collection Bags and other products.

25.     Sam Dae's adoption of a trade dress that slavishly copies the trade dress of Nicole's Print Collection Bags and Sam Dae's use of a design element on its hangtags that infringes Nicole's trademark rights in its Design Mark is likely to cause confusion or mistake, or to deceive consumers, purchasers, and others into

LIM, RUGER & KIM, LLP

00044871.doc

1 | thinking that Sam Dae products are Nicole products, or that they are sponsored by
2 | or affiliated with Nicole, when they are not.

3 |      26.    Nicole has not authorized Sam Dae to utilize any of Nicole's
4 | intellectual property in any form.

### SAM DAE'S HISTORY OF SPYING ON NICOLE

7 |      27.    In 2003, Nicole hired Benjamin Ramirez as its sales manager.
8 | Because of his position with Nicole, Benjamin Ramirez had access to private
9 | information about how Nicole ran its business, including inside knowledge
10 | regarding the identity of Nicole's designs and design process, its proprietary
11 | customer list, and its customers' preferences.

12 |      28.    In 2013, Nicole terminated Benjamin Ramirez.

13 |      29.    After Benjamin Ramirez was terminated by Nicole, he was hired by
14 | Sam Dae. With access to  Benjamin's Ramirez's inside knowledge regarding
15 | Nicole's business and its customer list and preferences, Sam Dae began
16 | intentionally imitating Nicole. Sam Dae created a collection of Infringing Bags that
17 | slavishly copy the look and feel of Nicole's Print Collection Bags, the similar
18 | hangtag, and the copying of Nicole's Design Mark, albeit of much lower quality.
19 | With a line of Infringing Bags that look similar to Nicole's bags, but which it could
20 | sell for less because of their cheap  construction, Sam Dae began aggressively
21 | targeting Nicole's wholesale customers domestically and abroad, undercutting
22 | Nicole on price. Sam Dae's creation of the Infringing Bags that slavishly copy the
23 | look and feel of Nicole's Print Collection Bags, the similar hangtag, and the
24 | copying of Nicole's Design Mark are some examples of Sam Dae's effort to
25 | "benchmark" Nicole and to sell similar products to Nicole's existing wholesale
26 | customers while undercutting Nicole on price.

LIM, RUGER & KIM, LLP

00044871.doc

30.     Even before Nicole terminated Benjamin Ramirez, Sam Dae used Benjamin Ramirez to spy on Nicole by hiring Benjamin Ramirez's son, Jonathan Ramirez. While employed by Nicole, Benjamin Ramirez was leaking Nicole's customer database to Sam Dae through Jonathan Ramirez.

**SAM DAE'S LIBELOUS AND PUBLIC CAMPAIGN AGAINST NICOLE**

31.     Dissatisfied with simply benchmarking and copying Nicole, in August 2014, Sam Dae began a malicious and public campaign to destroy Nicole's reputation in the industry and to drive Nicole out of business.

32.     In August 2014, Sam Dae widely disseminated a letter (the "Public Campaign Letter") making numerous false statements about Nicole that constitute libel *per se*, including that Nicole is a counterfeiter and pirate. The Public Campaign Letter is printed on the letterhead of Sam Dae's counsel, is addressed to "Dear Friends Against Piracy", asks for support "in making a stand against counterfeiters" and calls for a boycott of Nicole. [A true and correct copy of the Public Campaign Letter is attached as Exhibit 1 hereto and is incorporated by reference].

**<u>FIRST CLAIM FOR RELIEF</u>**
**(TRADE DRESS INFRINGEMENT AGAINST ALL DEFENDANTS)**
**(Lanham Act Section 43(a), 15 U.S.C. § 1125(a))**

33.     Nicole incorporates the allegations of paragraphs 1 through 32 of this complaint.

34.     Nicole is the owner of all right and title to the distinctive trade dress of the Print Collection Bags, which has acquired secondary meaning and is not functional.

LIM, RUGER & KIM, LLP

00044871.doc

35.     Based on extensive promotion and sales throughout the United States and the world, Nicole's trade dress has acquired distinctiveness and enjoys secondary meaning among consumers, identifying Nicole as the source of the Print Collection Bags.

36.     Nicole's extensive promotion of the distinctive trade dress of the Print Collection Bags has resulted in Nicole's acquisition of valuable, legally protected rights in said trade dress as well as considerable customer goodwill.

37.     Sam Dae's Infringing Bags have misappropriated Nicole's trade dress of the Print Collection Bags by mimicking a combination of several elements of that trade dress.

38.     Sam Dae's manufacture and distribution of the Infringing Bags that mimic a combination of several elements of Nicole's trade dress of the Print Collection Bags is likely to cause confusion, or to cause mistake, or to deceive the consumer as to affiliation, connection or association of Sam Dae with Nicole, or as to origin, sponsorship, or approval by Nicole of Sam Dae's Infringing Bags.

39.     Sam Dae's manufacture and distribution of the Infringing Bags with a design that mimics a combination of several elements of Nicole's trade dress of the Print Collection Bags enables Sam Dae to benefit unfairly from Nicole's reputation and success, thereby giving Sam Dae's Infringing Bags sales and commercial value they would not have otherwise.

40.     Sam Dae's actions constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41.     Sam Dae knew of Nicole's trade dress of the Print Collection Bags when it designed and marketed its Infringing Bags. Accordingly, Sam Dae's infringement has been and continues to be intentional and willful.

LIM, RUGER & KIM, LLP

42.     Nicole has been and will continue to be irreparably harmed and damaged by Sam Dae's conduct, and Nicole lacks an adequate remedy at law to compensate for this harm and damage.

43.     Nicole is informed and believes, and on that basis alleges, that Sam Dae has gained profits of at least $4,000,000 by virtue of its infringement of Nicole's trade dress of the Print Collection Bags.

44.     Nicole also has sustained damages as a direct and proximate result of Sam Dae's infringement of Nicole's trade dress of the Print Collection Bags by, without limitation, lost sales and damage to Nicole's reputation, in an amount to be proven at trial.

45.     Because Sam Dae's actions have been willful, Nicole is entitled to its actual damages or Sam Dae's profits, whichever is greater, and to an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

46.     Nicole is further entitled to an injunction preventing Sam Dae and its agents and employees from selling, offering for sale, advertising, manufacturing, importing or transporting, transferring or disposing of any Infringing Bags, together with an order that all of the Infringing Bags in possession of the Sam Dae be impounded pending resolution of this action and thereafter destroyed.

## SECOND CLAIM FOR RELIEF
## (TRADEMARK INFRINGEMENT AGAINST ALL DEFENDANTS)
### (15 U.S.C. § 1114)

47.     Nicole incorporates the allegations of paragraphs 1 through 46 of this complaint.

48.     Nicole owns the registered Design Mark. Sam Dae has infringed the Design Mark by using a variation of the Design Mark on Sam Dae's Hangtag

LIM, RUGER & KIM, LLP

00044871.doc

affixed to Sam Dae's goods, which Infringing Design Mark is strikingly and confusingly similar and/or a colorable imitation of Nicole's Design Mark.

49.     Sam Dae's use of the Infringing Design Mark is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of Nicole with Sam Dae, or as to the origin, sponsorship, or approval of Sam Dae's goods.

50.     Sam Dae's use of the Infringing Design Mark enables Sam Dae to benefit unfairly from Nicole's reputation and success, thereby giving Sam Dae's infringing products sales and commercial value they would not have otherwise.

51.     Prior to Sam Dae's first use of the Infringing Design Mark, Sam Dae was aware of Nicole's business and had either actual notice and knowledge, or constructive notice of Nicole's registered Design Mark. Sam Dae's infringement of Nicole's Design Mark as described herein has been and continues to be intentional, willful and without regard to Nicole's rights.

52.     Nicole has been and will continue to be irreparably harmed and damaged by Sam Dae's conduct, and Nicole lacks an adequate remedy at law to compensate for this harm and damage.

53.     Nicole is informed and believes, and on that basis alleges, that Sam Dae has gained profits of at least $4,000,000 by virtue of its infringement of Nicole's Design Mark.

54.     Nicole also has sustained damages as a direct and proximate result of Sam Dae's infringement of Nicole's Design Mark in an amount to be proven at trial.

55.     Because Sam Dae's actions have been committed with intent to damage Nicole and to confuse and deceive the public, Nicole is entitled to treble its actual damages or Sam Dae's profits, whichever is greater, and to an award of

LIM, RUGER & KIM, LLP

00044871.doc

13

COMPLAINT FOR TRADE DRESS INFRINGEMENT, ETC.